GILBERT & VASON, plaintiffs in error, vs. SEYMOUR, JOHNSON & COMPANY, defendants in error.

The defendants were sued as drawers and indorsers on a draft not payable at a chartered bank. Two questions were made and decided by the Court below, as appears from the bill of exceptions: First, whether the defendants were entitled to notice to make them liable as indorsers. Second, whether the defendants were discharged, as indorsers of the paper, by the failure of the holders thereof to give reasonable notice of the non-payment of the draft by Moughon, the drawee. The Court decided that notice was not necessary to charge the defendants as indorsers, to which decision the defendants excepted. Under the provisions of the Revised Code of this State, the indorsers of a bill or note, not to be negotiated at a chartered bank, are not entitled to notice of non-payment, or non-acceptance, to charge them as indorsers: Code, 2739. In our judgment, there was no error in the decision of the Court below in overruling the motion for a new trial on either of the grounds stated in the bill of exceptions.

Drafts. Notice of non-payment. Before H. MORGAN, by consent, Judge pro hac vice. Dougherty Superior Court. February, 1871.

Seymour, Johnson & Company brought "complaint" against Gilbert & Vason, on a draft in these words:

"ALBANY, GA., March 16, 1867.
"At sight pay to the order of ourselves, two hundred and five dollars and fifty-five cents, value received, and charge the same to account of          GILBERT & VASON.
"To WILLIAM S. MOUGHON, Macon, Ga.
"(Indorsed) 'Pay to the order of SEYMOUR, JOHNSON & Co.'"

The defendants pleaded payment. Plaintiffs read in evidence the draft, and closed. Defendants moved for a nonsuit, because there was no proof of demand on Moughon, nor of notice to defendants of such demand, and Moughon's refusal to pay the draft. The motion for non-suit was overruled. Vason testified that Vason & Davis owed plaintiffs $450 00, and in March, 1867, Johnson called for payment; they offered him the whole of the money, but he preferred said draft and the balance in cash, and they settled with him in that way, and gave Moughon credit by the amount of the draft; Moughon then owed defendants say, $500 00, was in possession of land worth $50,000 00, and considered solvent. He had promptly paid his bills, and defendants had no notice that he had not paid this draft till the fall of 1867, or the winter of 1867–8. Then Moughon was insolvent. The jury found for the plaintiffs for the amount of the draft and costs. The defendants moved for a new trial, upon the grounds that the Court erred in not non-suiting plaintiffs, and because the verdict was contrary to law, etc., and because plaintiffs' *laches* discharged defendants. The new trial was refused, and that is assigned as error.

VASON & DAVIS, for plaintiffs in error.

WILLIAM E. SMITH, for defendant.

LOCHRANE, Chief Justice.

The controlling question in this case, presented by the record, is, whether, under the facts, plaintiffs in error were entitled to notice of the non-payment of the draft made and indorsed by them on Moughon. We have held that the Code, section 2739, applied to indorsers, and to papers intended for negotiation at a chartered bank, and that parties to notes or drafts other than indorsers, and not included in the terms of the Code, were still entitled to the notice under the rules of law, required to be given to charge them with lia-

bility. In this case, the anomaly of the relation borne by Gilbert & Vason to the draft on Moughon, presents the difficulty of the application of the legal principles involved. In the first place, they were drawers of the draft, made *payable to themselves*, and it was by them indorsed over to Seymour, Johnson & Company. The paper was not intended for negotiation at a chartered bank, and as such indorsers, they were not entitled to notice. Were the same parties, as drawers, entitled to notice? If distinct and independent parties, I think they were; but as the paper, taken together with the circumstances at the time, is to be regarded as one transaction, and in the light of one broad liability, we do not think the Court erred in holding that they were bound by the indorsement in the absence of notice of the non-payment of the draft by Moughon, and, consequently, that the Court decided correctly in refusing a new trial, under the law and facts of the case.

Judgment affirmed.